## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MELINDA A. CHRISTIAN, et al.,** | |
| *Plaintiffs,* | |
| **v.** | **Case No.: 1:25-cv-03210-JMC** |
| **RELIABLE TOWING & RECOVERY LLC, et al.,** | |
| *Defendants.* | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Melinda and Eugene Christian ("Plaintiffs") filed the instant case on September 26, 2025, alleging negligence, negligent hiring and retention, negligent entrustment, respondeat superior, negligence per se, and loss of consortium against Defendant Reliable Towing & Recovery LLC and its driver, Defendant Timothy Hines ("Defendants"). (ECF No. 1). Presently pending before the Court is a dispute concerning the scope of discovery. (ECF Nos. 21, 24, 26) The Motion is fully briefed (ECF Nos. 24, 26), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, the Defendants shall supplement their discovery responses.

## I.      BACKGROUND

The instant dispute arises from a motor vehicle accident in which Defendant Hines "slammed into the rear of the car occupied by Plaintiff Melinda Christian." (ECF No. 1 at 1). [1] On November 13, 2023, Plaintiff and Mr. Hines were traveling westbound on Interstate 70. *Id.* There came a time when traffic slowed, and Plaintiff "slowed her vehicle due to the upcoming

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

1

traffic congestion." Plaintiff alleges that at around 1:59 p.m., Defendant Hines, who was operating a tow truck owned by Defendant Reliable Towing & Recovery LLC, "approached the slowed traffic but failed to control his vehicle speed," thereby colliding with Plaintiff and causing alleged injuries. *Id.*

The parties alerted the Court to the existence of the pending discovery dispute on February 16, 2026. (ECF No. 21). As a result of the parties' notification of the dispute, the Court held a conference call on February 27, 2026, in which the Court set a briefing schedule. *See* (ECF No. 23). Plaintiffs filed their brief on March 13, 2026. (ECF No. 24). In response, Defendants filed a Stipulation on March 25, 2026, (ECF No. 25) in which they conceded that (1) Defendant Hines breached his duty of care "by causing a motor vehicle accident with the vehicle operated by Plaintiff," (2) that he was an agent of Defendant Reliable Towing & Recovery LLC acting in the scope of his employment, (3) that Defendant Reliable Towing & Recovery, LLC is vicariously liable "[t]o the extent that Defendant Timothy Hines' breach of duty was a proximate cause of any injury sustained by the Plaintiff," and (4) withdrawing the Defendants' previously asserted affirmative defenses of contributory negligence an assumption of the risk. (ECF No. 25). Thereafter, on March 27, 2026, Defendants filed their Response in Opposition to Plaintiffs.

## II.    LEGAL STANDARD

"District courts enjoy nearly unfettered discretion to control the timing and scope of discovery." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996). As a result, "discovery rulings are generally not overturned on appeal 'absent a showing of clear abuse of discretion," which "will only be identified where discovery restrictions prevent a litigant from 'pursuing a litigation theory.'" *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 323 (4th Cir. 2018). Federal Rule of Civil Procedure 26 provides that parties "may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ..." Fed. R. Civ. P. 26(b)(1).  The party seeking discovery therefore carries the burden of establishing its relevancy and proportionality, at which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted. *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018); *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005).

Although Rule 26 does not define "relevance," it has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 1164920, at *2 (E.D.N.C. Mar. 9, 2020) (other citations omitted); *see also Fish v. Air & Liquid Sys. Corp.*, GLR-16-496, 2017 WL 697663, at *2 (D. Md. Feb. 21, 2017).  Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III.    ANALYSIS

As an initial matter, Plaintiffs open their brief with their acknowledgement that should Defendants stipulate to the elements of duty and breach, Plaintiffs "would agree to the dismissal of Count I of the Plaintiffs' Complaint for negligent hiring, retention, and entrustment against Reliable Towing."  (ECF No. 24).  In light of the Stipulation (ECF No. 25), the Court agrees that Maryland law requires dismissal of Count I.[2]  In light of Mr. Hines's Stipulation, the Court need

---

[2] *See, e.g.*, *Houlihan v. McCall,* 197 Md. 130, 137-38 (1951); *Orta v. Creekstone Landscaping & Excavating, LLC*, No. 1:23-cv-01954-EA, 2024 WL 3555093, at *6 (D. Md. July 25, 2024); *Sneed v. SW Trucking, LLC, et al.*, Civil Action No. ADC-19-626, 2020 WL 1812866, at *5 (D. Md. Apr. 9, 2020) (granting summary judgment when the defendant admitted the driver was acting in the scope of employment on the plaintiff's negligent entrustment and

not contemplate the issue of contested liability.

Plaintiffs argue that "[e]ven if Mr. Hines ultimately stipulates to the elements of duty and breach, the issues of causation and damages remain contested." (ECF No. 24 at 6). They assert that they

> anticipate subpoenaing Mr. Hines to testify at trial regarding the circumstances of the collision. His testimony will likely address issues involving impact severity, the mechanism of the collision, whether other hazards existed on the roadway, and Mrs. Christian's actions and demeanor immediately preceding and following the crash. These issues directly bear on the cause and extent of Mrs. Christian's injuries as well as any assertions by Mr. Hines regarding contributory negligence or mitigation. The requested discovery is relevant for purposes of the impeachment of Mr. Hines.

*Id.* at 7. Moreover, the Plaintiffs argue that evidence of what Mr. Hines's mental state bears directly on his ability to perceive, remember, and accurately recount events insofar as it may be necessary to impeach his testimony at trial. *Id.* (citing *Behler v. Hanlon*, 199 F.R.D. 553, 560 (D. Md. 2001)).

Plaintiffs enumerate the disputed requests:

(1) Pre-employment background materials of Mr. Hines in the possession of Reliable Towing that include a pre-employment report, a criminal background check, Mr. Hine's driver's license record, drug tests, and Mr. Hines' employment application;

(2) [A typographical error exists in the briefing such that request number two was skipped]

(3) Reliable Towing's annual reviews and driving records of Mr. Hines during his employment with Reliable Towing;

(4) Reliable Towing's policies, procedures, manuals, and related material of which Mr. Hines would have been subject to during his employment;

(5) Documents relating to any disciplinary action, counseling, or remedial training for Mr. Hines relating to the safe operation of a commercial motor vehicle;

---

negligent hiring, training, retention, and supervision claims); *Villalta v. B.K. Trucking & Warehousing, LLC, et al.*, Civil Action No. DKC 2007-1184, 2008 WL 11366412 at *5-6 (D. Md. Aug. 4, 2008) ("[A] plaintiff seeking only compensatory damages cannot bring a negligent entrustment claim against an owner of a vehicle, where the owner has admitted that the driver of the vehicle was his agent or employee."); *Day v. Stevens*, Civil Case No. 17–02638–JMC, 2018 WL 2064735, at *5 (D. Md. May 3, 2018) ("[T]he Maryland Court of Appeals' decision in *Houlihan* clearly supports Defendant's contention that Plaintiff cannot proceed with its negligent entrustment claim once vicarious liability has been admitted.").

(6)     Written directions, instructions, or other written information provided by Reliable Towing or any other entity, regarding the trip at issue and/or hauling of the load involved in the collision, including trip data, inspection reports, and dispatch records;

(7)     Complete insurance policies and endorsements, including MCS-90s and umbrella/excess policies and any additions or amendments thereto;

(8)     Complete Responses to Plaintiffs' Interrogatories and Requests for Production by Mr. Hines;

(9)     A statement made by Mr. Eric Reid to Reliable Towing's insurance company on or near the day of the collision, regarding the events.

*See* (ECF No. 24, 26).

Specifically, Plaintiffs assert that "Mr. Hines' pre-employment background records, criminal background check, drug test results, employment application, and trip logs" are relevant and proportional to the needs of the case notwithstanding Defendant Hines's Stipulation. *Id.* at 8. Plaintiffs assert that such documents directly bear on Mr. Hines's ability to perceive, such as they may show visual or cognitive impairments. *Id.* They continue, "[d]rug test results are similarly relevant because the presence of drugs or other impairing substances could affect perception of the events or ability to recall information." *Id.* "Trip logs and related operational data may demonstrate whether Mr. Hines had been working excessive hours, was fatigued, or was under time pressure at the time of the collision," and such fatigue or distress "may have impaired Mr. Hines' ability to perceive the events and damages." *Id.* Moreover, they assert that these materials are relevant to Mr. Hines's credibility as a whole, as they may contain "representation made by Mr. Hines regarding his driving history, criminal history, and qualifications." As such, Plaintiffs urge that "[a]ny discrepancies between those representations and the objective records Plaintiffs seek may be probative of [Mr. Hines's] credibility and may be used for impeachment purposes through prior inconsistent statements or prior ats reflecting on truthfulness." *Id.*

In response, Defendants urge that they should not be compelled to provide discovery "that would only be admissible to prove claims that are no longer viable." (ECF No. 26 at 2). They argue that requests 1-6 above are not relevant, that Request No. 7 has already been produced, that

Request No. 8 is not relevant but prepared, and that there are no documents responsive to Request No. 9. *See generally* (ECF No. 26).

     **A.**     **Request No. 1-6 are Largely Discoverable for Plaintiff's Stated Reasons, Subject to Some Limitations.**

The Court is satisfied that Plaintiffs' impeachment and damages analysis demonstrates that discovery of the employment application, criminal background check, drug test results, and trip logs are relevant and proportional to the needs of the case. Defendants' brief sets forth a well-developed analysis of why Plaintiffs' negligent hiring and retention and negligent entrustment claim should be dismissed in light of the Stipulation. Nevertheless, Plaintiffs have offered an explanation for how the aforementioned discovery items bear independent relevance in the context of the case. Defendants' brief does not address the impeachment and damages arguments. Moreover, even if the documents may not ultimately be admissible at trial, the standard for relevance at the discovery stage is looser. *Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 1164920, at *2 (E.D.N.C. Mar. 9, 2020); *Behler v. Hanlon*, 199 F.R.D. 553, 560 (D. Md. 2001).

In *Behler*, the Court noted six primary methods of impeachment: (a) impeachment by demonstration of bias, prejudice, interest in the litigation, or motive to testify in a particular fashion; (b) impeachment by demonstration of incapacity to perceive, remember or relate; (c) impeachment by contradiction; (d) impeachment by conviction of a crime; (e) impeachment by prior inconsistent statement; and (f) impeachment by untruthful character or prior bad acts. *Behler*, 199 F.R.D. at 556 (citing 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 607.03[2][a] (2d. ed.1997)). On the issue of how these six common law impeachment methods impact discovery, the Court indicated "a party legitimately may seek discovery of facts that relate to any of the six forms of impeachment" but "the mere fact that such information falls within the scope of legitimate discovery does not mean that the parties are entitled to unfettered discovery of

impeachment information, by whatever means of discovery they seek." *Id.* at 561. Therefore, the Court limited the scope of certain requests related to an expert witness's purported bias to preclude requests that constituted "overkill." *Id.* In doing so, the Court reasoned, "[w]hile there may be cases in which an expert's gross income, and the specific amounts thereof earned by providing services as an expert witness, may be discoverable, this should not be ordered routinely, without a showing, absent here, why less intrusive financial information would not suffice." *Id.* Therefore, the Court did not permit discovery of the experts tax returns, a listing of all insurance companies with whom he was affiliated, his total income for the past five years, or the amount thereof earned providing Rule 35 medical examinations. *See id.*

Here, the Court is satisfied that evidence of Mr. Hines's employment application and post-accident drug test results would bear on a potential physical or cognitive limitations that may have impacted Mr. Hines's ability to perceive the events. The Court is similarly satisfied that drug test results would show whether there were any substances in Mr. Hines's system that may have impacted his ability to perceive. Therefore, the Court finds that discovery of those items is consistent with *Behler* and Rule 26. The Court also agrees that trip logs shed light on whether Mr. Hines would be likely to suffer from excessive fatigue or time pressure during the collision, which also could impair his ability to perceive the disputed events.[3] As Plaintiffs make argues, this evidence bears not only on impeachment, but also on the issue of damages. For example, the Court agrees that any impairments to Mr. Hines's perception would impact testimony about "the force with which Mrs. Christian was struck, and Mrs. Christian's demeanor following the collision." (ECF No. 24 at 8). These topics are relevant to damages notwithstanding the Stipulation as to duty

---

[3] The Court will not permit discovery of all written directions, instructions, or other information concerning the trip like vehicle inspection reports. *Behler*, 199 F.R.D. at 561. Plaintiff may discover the trip log records for the purpose of its perception arguments on the basis of fatigue.

and breach.  (ECF No. 25).

Turning to the pre-employment records in Mr. Hines's possession including a potential criminal background check, driving records, or other pre-employment documents under Request No. 1, the Court agrees that at least some of these items bear on credibility as a general matter. At the same time, the Court is mindful of preventing the "overkill" the Court noted in *Behler*.  As such, the Court finds that all disciplinary records, counseling materials, remedial training documentation, or any other personnel records that may reveal prior misconduct (as Plaintiffs indicate they seek under this category of requests) run afoul of *Behler* and Rule 26.   The general information concerning Defendant Hines's driving history or criminal background should suffice to bear on credibility and truthfulness with little burden or expense imposed on the Defense.[4] Accordingly, Defendants should produce records they may have in Mr. Hines's personnel file of his driving record or criminal history, if any.  The Court is satisfied that to the extent that these documents exist in Defendant's possession or are otherwise publicly available, they are relevant to credibility and truthfulness; however, the Court will not allow Plaintiffs to obtain every document Defendant Reliable Towing may have concerning Defendant Hines's employment in light of the Stipulation and finds that doing so would constitute overkill for the limited issue of a possible impeachment at trial.

Therefore, consistent with the analysis above, the Court will grant Plaintiffs' request for an Order compelling production of his employment application, drug test results, trip log records for the trip in question, and Mr. Hines's driving record or criminal history to the extent that they are in Defendant's possession or are otherwise publicly available.

**B.      Request Nos. 7, 8, and 9**

---

[4] Defendant Reliable Towing's corporate designee testified that they already possess many of the requested documents already.

There exist some remaining disputes concerning Request Nos. 7, 8, and 9. Plaintiffs contend that they have not received the production of Request No. 7, and Defendants contend they produced Request No. 7. The Court cannot discern from the record whether it has in fact been produced, though the Court trusts Defendants' representation that they sent it via email. To the extent that the parties seemingly agree that the document is discoverable and for the sake of preventing any possible inadvertent mistake, Defendants should provide the insurance policy and MCS90 Endorsement via email, even if by forwarding the email they previously sent to Plaintiffs.

Turning to Request No. 8, Counsel for Defendants represents that despite his best efforts, he has not been able to procure Mr. Hines's signature. He also represents that the answers have already been prepared and are related to "competency," "previous accidents," and his "driving record." Consistent with the reasoning above, the Court is inclined to find, based on its limited understanding, that the mentioned categories of responses are discoverable on the issues of Mr. Hines's perception and damages. The Court therefore Orders Mr. Hines to produce his signature so counsel may respond with the completed interrogatories. If Mr. Hines will not cooperate with this process, Mr. Hines will nonetheless be bound by his unsigned answers.

Finally, Request No. 9 concerns the corporate designee's potential statement to Defendant Reliable Towing's insurer. Defendant represents that there exist no such documents that are responsive to this request. ECF No. 26-1 confirms as much. Thus, Defendants shall not have to produce a record that does not exist.

## IV.   CONCLUSION

For the foregoing reasons, it is this 7th day of April 2026 ORDERED that Defendants shall, within twenty (20) days of the entry of this Opinion and Order, supplement their discovery responses consistent with the rulings above. Plaintiffs' requests are otherwise denied

Date: <u>April 7, 2026</u>

                 <u>        /s/        </u>
J. Mark Coulson
United States Magistrate Judge